UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIMOTHY LUKE, | **DECISION AND ORDER** |
| Movant, | **Civil Case No. 6:17-cv-06593-MAT** |
| -vs- | **Criminal Case No. 6:14-cr-06089-FPG** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I. Introduction

Proceeding *pro se*, Timothy Luke ("Luke" or "Movant") has filed a Motion to Vacate the Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), alleging that he is being detained in the custody of respondent, the United States of America ("the Government"), pursuant to an unconstitutionally imposed sentence. For the reasons discussed below, Long's § 2255 Motion is denied.

## II. Factual Background and Procedural History

On June 10, 2014, Luke appeared before Hon. Frank P. Geraci, Jr., U.S.D.J., waived indictment, and, pursuant to a written plea agreement, pled guilty to Count 1 of an Information charging a violation of 21 U.S.C. § 846 (conspiracy to possess with intent to distribute and to distribute 28 grams or more of cocaine), and to Count 2 charging a violation of 18 U.S.C. § 924(c)(1)(A) (possession of a firearm in furtherance of a drug trafficking crime). The plea agreement stated that under the United States Sentencing Guidelines ("USSG"), Petitioner's sentencing range for Count 1 would be a term of 151 to 188 months' imprisonment; for

Count 2, would be a term of not less than five' imprisonment to be imposed consecutively to any other sentence; and in the aggregate, would be 211 to 248 months' imprisonment. The plea agreement also included provision pursuant to which Luke specifically waived the right to appeal or collaterally attack an aggregate sentence of 248 months or less. Ultimately, Judge Geraci imposed a sentence an aggregate sentence of 190 months' imprisonment.

Petitioner filed a notice of appeal in the United States Court of Appeals for the Second Circuit. On June 30, 2015, appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), arguing that there were no nonfrivolous issues to be argued on appeal. Appellate counsel also filed a motion to be relieved from representing Luke. Luke filed a *pro se* response to the *Anders* brief on December 1, 2015, claiming that the Court erred in accepting his plea without determining that a factual basis existed to support the charges Court failed to make a proper assessment of his relevant conduct. On March 1, 2016, the Government filed a motion to dismiss the appeal or, in the alternative, for affirmance of the judgment of conviction. On June 3, 2016, the Second Circuit issued an order granting the Government's motion to dismiss with respect to Luke's appeal of his sentence, and granting the motion for summary affirmance with respect to the appeal of his conviction, special assessment, and forfeiture.

Luke commenced the instant § 2255 proceeding on September 25, 2017, alleging that trial counsel was ineffective. The Government filed a response. Luke did not file a reply.

The § 2255 proceeding was transferred to the undersigned on October 2, 2018. For the reasons discussed below, relief under § 2255 is denied.

**III. Standard Under § 2255**

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court may dismiss a § 2255 motion without a hearing if the motion and the record "conclusively show[,]" *id.*, that the movant is not entitled to relief. *E.g.*, *Chang v. United States*, 250 F.3d 79, 85-86 (2d Cir. 2001).

**IV. Discussion**

The Government argues that, under the law of the case doctrine, Luke has waived his right to assert his present claims of ineffective assistance of counsel because they were impliedly adjudicated by the Second Circuit in his direct appeal of his

conviction. The Government also contends that Luke's ineffective assistance of trial counsel claims are barred from review under § 2255 due to the waiver of his appellate and collateral review rights in his plea agreement. Alternatively, the Government argues that the claims are substantively without merit. As discussed below, the Court finds that it is foreclosed from reviewing Lukes's claims due to the valid collateral rights waiver in his plea agreement. Therefore, the Court need not address the Government's other arguments in favor of dismissal of the § 2255 Motion.

In the plea agreement, Luke knowingly and voluntarily waived his right to collaterally attack any sentence between 211 and 248 months or less. *See* Government's Memorandum of Law ("Gov't MOL") (Docket No. 30) at (citing Exhibit ("Gov't Ex.") 1 (Docket No. 30-1), Plea Agreement, ¶¶ 22, 23; Gov't Ex. 2, Plea Transcript at p. 18). Specifically, the Agreement provided in pertinent part as follows:

> 22. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 14, above [i.e., 211 to 248 months (60 months on Count 2 to run consecutive to 151 to 188 months on Count 1), a fine of $15,000 to 1$8,000,000, and a term of supervised release 8 years], notwithstanding the manner in which the Court determines the sentence. . . .
>
> 23. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of

>     previously unknown facts or a change in the law which the
>     defendant believes would justify a decrease in the
>     defendant's sentence. . . .

Agreement (Docket No. 30-1), ¶¶ 22-23. Here, the sentence actually imposed by Judge Geraci was 130 months' imprisonment on Count 1 and 60 months on Count 2 to be served consecutively to the sentence on Count 1, for an aggregate sentence of 190 months' imprisonment. Gov't MOL at 5 (citing Gov't Ex. 3, Sentencing Transcript at 11). This was *21 months less* than the bottom end of the sentencing range that Luke had agreed he would *not* appeal or collaterally attack.

Where a defendant knowingly and voluntarily waives his appeal and § 2255 rights in a plea agreement and obtains the benefits of the plea agreement, the district court should enforce the § 2255 waiver provision and dismiss the petition. *See Garcia-Santos v. United States*, 273 F.3d 506, 508 (2d Cir. 2001) (*per curiam*). Here, the Court has reviewed the exhibits submitted by the Government as well as the documents filed in Luke's appeal to the Second Circuit and finds that Luke's plea agreement was entered into knowingly and voluntarily, and with awareness of his waiver of appeal and collateral attack rights. This conclusion is supported by a number of facts which the Second Circuit has found pertinent when assessing the nature of a defendant's waiver of his appellate and collateral rights. First, Luke signed the plea agreement, which contained a provision specifically setting forth the conditions of the appellate and collateral attack rights waiver. Second, the plea agreement contained an acknowledgment, in which Luke attested that

he had read the agreement, had been afforded a full opportunity to discuss it with his attorney, agreed that it represented the total agreement reached between himself and the Government, understood all of the consequences of pleading guilty, fully agreed with the agreement's contents, and signed this agreement voluntarily and of his own free will. *See* Gov't Ex. 1, Plea Agreement at 13. Third, during the plea colloquy, Judge Geraci confirmed that Luke had had time to review the plea agreement with his attorney. *See* Gov't MOL at 3 (citing Gov't Ex. 2, Plea Hearing Transcript, at 2). Fourth, Judge Geraci, during the plea colloquy, reviewed the terms of the appellate and collateral attack waiver of rights provision, and Luke confirmed that he understood it. *See* Gov't MOL at 3 (citing Gov't Ex. 2, Plea Hearing Transcript, at 18). Third, at the plea hearing, Luke affirmed in open court and under oath that he had read and understood the plea agreement. Fourth, in his § 2255 Motion, Luke does not claim that he did not understand the waiver contained in his plea agreement. Fifth, as Luke acknowledges in his § 2255 Motion, the Second Circuit granted the Government's motion for summary affirmance "due to the appeal waiver." § 2255 Memorandum of Law (Docket No. 27) at 2, ¶ 4. In light of the foregoing facts, the Court concludes that Luke entered into the plea agreement—which included an explicit and full waiver of his collateral and appellate rights—knowingly, voluntarily, and intelligently. *See Garcia-Santos*, 273 F.3d at 508 (finding no error by § 2255 court in concluding that defendant knowingly and

voluntarily entered plea agreement, which contained provision waiving his right to appeal or file motion to vacate, where defendant signed plea agreement, defendant advised sentencing court that he had read and understood agreement, defendant did not appeal, and defendant did not claim that he had not understood waiver in his motion to vacate). Therefore, the Court finds that Luke's valid waiver precludes him from challenging his conviction and sentence by way of § 2255. *See id.*

Finally, the Court finds that no evidentiary hearing is required because "the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255.

## V. Conclusion

For the reasons discussed above, the Section 2255 Motion (Docket No. 27) is denied. The Clerk of Court is directed to close civil case No. 6:17-cv-06593-MAT.

**SO ORDERED.**

S/Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   November 9, 2018
         Rochester, New York.