UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

TIMOTHY LUKE,

                     Defendant.

Case # 14-CR-06089-FPG

DECISION AND ORDER

## INTRODUCTION

On May 5, 2023, Timothy Luke ("Defendant"), proceeding *pro se*, moved for compassionate release and appointment of counsel. ECF Nos. 45-46. On August 2, 2023, Defendant amended the motion for compassionate release. ECF No. 48. On September 26, 2023, the Court denied Defendant's motions. ECF No. 49. On October 5, 2023, Defendant appealed. ECF No. 50. On October 10, 2023, Defendant requested a stay of the appeal, and indicated an intent to move for reconsideration. ECF No. 52. On October 23, 2023, Defendant moved for reconsideration. ECF Nos. 54-55. On January 29, 2024, Defendant filed a second motion for compassionate release. ECF No. 57. On March 19, 2024, Defendant voluntarily dismissed his appeal. ECF No. 58. On April 18, 2024, the Government responded to Defendant's motions. ECF No. 62.

For the reasons below, Defendant's motions for reconsideration and compassionate release are DENIED.

## BACKGROUND

On June 10, 2014, Defendant pled guilty to a two-count information which charged, in Count 1, conspiracy with intent to distribute and distribute 28 grams or more of cocaine base in violation of 21 U.S.C. § 846 and, in Count 2, possession of a firearm in furtherance of a drug

trafficking crime in violation of 18 U.S.C. § 924(c)(1).  ECF No. 12.  In the plea agreement, Defendant admitted that between 2010 and on or about April 22, 2014, in Monroe County, within the Western District of New York, he knowingly, willfully and unlawfully conspired and agreed with others, known and unknown, to manufacture, possess with intent to distribute, and to distribute, 28 grams or more of cocaine base, a Schedule II controlled substance.  *Id*. at 4.  Defendant's involvement included, among other things, "the purchase of powder cocaine, manufacturing of cocaine base, and direct distribution of the cocaine base to others."  *Id*.  Defendant admitted that on or about April 22, 2014, within the Western District of New York, he knowingly and unlawfully possessed one (1) Fratelli Tanfoglio .22 Long Rifle caliber revolver, bearing serial number TC02475, in furtherance of the above drug trafficking crime.  *Id*.

On September 29, 2014, the Court sentenced Defendant to a 130-month term of imprisonment, followed by an 8-year term of supervised release (on Count 1) and a 60-month term of imprisonment, to run consecutive to Count 1, followed by a 5-year term of supervised release, to run concurrent with Count 1 (on Count 2).  ECF No. 18.

## LEGAL STANDARDS

### I. Compassionate Release

The First Step Act's "compassionate release" provision, 18 U.S.C. § 3582(c)(1)(A), provides an exception to the general rule that a court may not modify a term of imprisonment after it has been imposed.  *United States v. Lucas*, No. 15-CR-143, 2020 U.S. Dist. LEXIS 75428, at *3 (W.D.N.Y. Apr. 29, 2020) (citation, internal quotation marks, and brackets omitted).  Under § 3582(c)(1)(A)(i), a district court may reduce a term of imprisonment if a defendant can show that (1) he has met the statutory exhaustion requirement; (2) "extraordinary and compelling reasons" warrant a reduction; (3) he is not a danger to the community; and (4) a reduction is

consistent with the factors set forth in 18 U.S.C. § 3553(a). *Lucas*, 2020 U.S. Dist. LEXIS 75428 at *3-4; *see also* U.S.S.G. § 1B1.13 (the United States Sentencing Guidelines Policy Statement on compassionate release). Although relief under the statute is commonly referred to as "compassionate release," such relief is not limited to immediate release, but includes a reduction in sentence. *See United States v. Marks*, 455 F. Supp. 3d 17, 21 (W.D.N.Y. 2020); *see also United States v. Shmuckler*, No. 11-cr-344, 2019 WL 6257959, at *2 n.5 (E.D. Va. Nov. 22, 2019) ("The BOP uses the terms 'compassionate release' and 'reduction in sentence' interchangeably, and the Court will do the same") (citation omitted).

Because the § 3553 factors are considered at sentencing, courts should not "second guess or [] reconsider whether the original sentence was just," but assess whether "the defendant's circumstances are so changed . . . that it would be inequitable to continue the confinement[.]" *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (discussing legislative history of provision).

**II.     Reconsideration**

The Federal Rules of Criminal Procedure do not specifically recognize motions for reconsideration, but such motions "have traditionally been allowed within the Second Circuit." *United States v. Yannotti*, 457 F. Supp. 2d 385, 388 (S.D.N.Y. 2006). District courts apply the "civil standard to such motions in criminal cases." *United States v. Larson*, No. 07-CR-304S, 2013 WL 6196292, at *2 (W.D.N.Y. Nov. 27, 2013).

> The standard for granting ... a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to

3

correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Boyde v. Osborne*, No. 10-CV-6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 17, 2013) (quotations omitted).

## DISCUSSION

In the motion for reconsideration, Defendant primarily asserts arguments previously made, but adds new factual allegations relating to his family circumstances and clarifies the legal basis for the requested reduction in his sentence. ECF No. 54. Additionally, Defendant clarifies that he is requesting a two-to-three-year reduction in his sentence, not a reduction to time-served, as the initial motion appeared to indicate. *See* ECF Nos. 49, 54.

In the most recent motion for compassionate release, Defendant argues that (i) a recent amendment to the U.S. Sentencing Guidelines regarding "unusually long sentences," (ii) a change in law regarding the "21 U.S.C. § 851 felony sentencing enhancement" that he received before his plea, and (iii) the § 3553(a) factors justify a reduction. ECF No. 57 at 2-9. Because the motion for reconsideration introduces "new evidence" relating to his family circumstances, clarifies which sentencing enhancement Defendant relies on, and clarifies that Defendant seeks a reduction in his sentence of two-to-three-years, as stated in Defendant's most recent motion, the Court will consider the arguments presented in both motions together. *Off. Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003).[1] The Court will

---

[1] While "new evidence" typically must not have been available at the time the original motion was filed to be considered, *Coopers & Lybrand, LLP*, 322 F.3d at 167, the Court will excuse Defendant's failure to include the additional evidence in his original motion in light of this Circuit's general policy of leniency to *pro se* litigants. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

4

not, however, consider arguments raised in Defendant's original motion. *Boyde*, 2013 WL 6662862, at *1.

Defendant argues that "extraordinary and compelling" reasons warrant a two-to-three-year reduction in his sentence because (i) he is "the only potential available caregiver for his ailing mother"; (ii) under the First Step Act, "prior convictions that at one point would trigger an enhanced penalty no longer qualify as predicates[,]" meaning that if Defendant were sentenced today he would be exposed to a lower mandatory minimum sentence than at the time of sentencing; and also argues that (iii) the § 3553(a) factors are consistent with a reduction. ECF Nos. 45, 54, 57. For the reasons below, the Court concludes that these reasons are not "extraordinary and compelling" under § 3582(c)(1)(A)(i), nor would the requested reduction be consistent with the § 3553(a) factors.

### A. Exhaustion

As a threshold matter, courts may not act on a motion for compassionate release unless the defendant "has fully exhausted all administrative rights to appeal" the BOP's failure to file a motion for compassionate release on behalf of the defendant or has waited "30 days from the receipt of such request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A); *see United States v. McIndoo*, 613 F. Supp. 3d 723, 729 (W.D.N.Y. 2020). Not a jurisdictional limitation, § 3582(c)(1)(A)'s exhaustion requirement is a "claim-processing rule" and accordingly "may be waived or forfeited" by the government. *United States v. Saladino*, 7 F.4th 120, 123 (2d Cir. 2021) (quoting *Hamer v. Neighborhood Hous. Servs.*, 583 U.S. 17, 19-21 (2017)).

If the government fails to raise exhaustion, it has waived exhaustion, and the Court may proceed to the merits of a request for compassionate release. *United States v. Manzano*, 505 F. Supp. 3d 739, 743 (E.D. Mich. 2020); *see United States v. Howard*, No. 12-20751, 2020 WL

4812717, at *1 (E.D. Mich. Aug. 19, 2020) (proceeding to merits of defendant's compassionate release motion because the government "decided to waive its exhaustion argument in its supplemental briefing and at oral argument.").

Defendant exhausted his administrative remedies with respect to his initial motion for compassionate release by submitting correspondence to the BOP pursuant to 18 U.S.C. § 3582, *see* ECF No. 45, and appears to have done so with respect to his most recent motion. *See also* ECF No. 57 at 6 (letter to Gilmartin Correctional Facility Warden, dated December 24, 2023). Accordingly, Defendant has satisfied the exhaustion requirement. *See Saladino*, 7 F.4th at 123.

### B. Extraordinary and Compelling Reasons

Defendant has not satisfied his burden of showing entitlement to a reduction. *See United States v. Flores*, No. 17 Cr. 449-17 (KPF), 2020 U.S. Dist. LEXIS 98334, at *10 (S.D.N.Y. June 3, 2020) ("The defendant has the burden to show he is entitled to a sentence reduction." (citation omitted)). For the reasons below, Defendant has not presented "extraordinary and compelling" reasons warranting the requested reduction.

#### 1. Caregiver

Defendant alleges that he is the "only potential caregiver to [his] ailing mother[,]" which some courts have recognized can constitute an extraordinary and compelling reason justifying compassionate release. ECF No. 57 at 2; *see* ECF No. 54 at 1; *see also United States v. Reyes*, No. 04 CR 970, 2020 WL 1663129, (N.D. Ill. April 3, 2020). After his initial motion was denied, Defendant filed medical records in support of this allegation. ECF No. 55. As explained below, the Court concludes that Defendant's family circumstances, alone, do not constitute "extraordinary and compelling" reasons such that they may warrant the requested relief, but may warrant a reduction if considered in combination with other reasons.

Courts have "broad discretion" in determining what an "extraordinary and compelling" reason is for the purposes of compassionate release. *Reyes*, 2020 WL 1663129, at *2; *see also United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) (courts "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release."). Some courts have found that "extraordinary and compelling" reasons exist when a defendant is the only available caregiver of incapacitated close family members other than spouses and registered partners—particularly, parents, as alleged here. *See, e.g.*, *United States v. Bucci*, 409 F. Supp. 3d 1, 2-3 (D. Mass. 2019); *United States v. Walker*, No. 1:97-CR-00009-SCJ, 2019 WL 5268752, at *2-3 (N.D. Ohio Oct. 17, 2019).

Courts recognize, in addressing motions brought on this basis, however, that "familial hardship often results from criminal conduct[,]" a possibility which is contemplated at sentencing. *United States, v. Ma*, No. 4:20-CR-00107, 2023 WL 5508835, at *3 (D. Utah Aug. 25, 2023). Indeed, "many, if not all inmates, have aging and sick parents[,] [and] such [a] circumstance is not extraordinary." *United States v. Ingram*, No. 2:14-CR-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019).

Defendant states that his mother is eighty years of age and sickly, suffering from a heart condition, high cholesterol, "seizure disorder, essential hypertension," and acid reflux. ECF No. 54 at 1. The medical records submitted by Defendant appear to support Defendant's representation. ECF No. 55 at 3. Defendant also states that his sister, who is the only alternative caregiver, suffers from "severe mental illness." ECF No. 57 at 2 (describing alleged symptoms of bipolar disorder and schizophrenia); *see* ECF No. 24 at 21-22 (Presentence Investigation Report detailing family history). Even with the benefit of the medical records Defendant has submitted, the Court maintains that Defendant's present "familial hardship" does not, alone, constitute a

7

"extraordinary and compelling" reason warranting a reduction under 18 U.S.C. § 3582(c)(1)(A), but that it may weigh in his favor if considered in combination with other reasons.

### 2. Prior Conviction and Enhancement

Defendant argues that, under the First Step Act, his "prior 2008 possession of cocaine[e] conviction that was used to 851 enhance [his] sentence no longer fits the criteria of 851[,]" which justifies the requested reduction. ECF No. 57 at 2. In the motion for reconsideration, Defendant clarifies that his original motion was brought in reference to 21 U.S.C. § 851, not U.S.S.G. 4A1.1(a), as the Court had previously held due to the original motion's lack of specificity. ECF No. 54 at 1-2. Defendant states that the "2008 conviction that enhanced [his] sentence is a possession charge[] and under the new law, no longer applicable to 21 U.S.C. 851." *Id*. Defendant observes that this change was enacted pursuant to § 401(a) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, a provision which is non-retroactive. ECF No. 57 at 2-3. Nevertheless, Defendant contends that this change in law should be considered an "extraordinary and compelling" reason warranting a sentence modification because November 2023 amendments to U.S.S.G. 1B1.13 relating to 18 U.S.C. § 3582(c)(1)(A) provide that non-retroactive changes in law may be considered an "extraordinary and compelling" reason justifying a reduction. *Id*. For the reasons below, a modification in Defendant's sentence is not warranted on this basis.

According to the Presentence Investigation Report, Defendant pled guilty to Criminal Possession of a Controlled Substance/Narcotic in Monroe County Court on July 22, 2008, and was sentenced to 42 months imprisonment. ECF No. 24 at 16. On June 10, 2014, the Government filed an information to establish his prior conviction pursuant to 21 U.S.C. § 851 to establish Defendant's prior drug conviction, subjecting him to the increased penalties in 21 U.S.C. § 841 (b)(1)(B), including a mandatory minimum sentence of 120 months. ECF Nos. 10, 11.

As stated, on June 10, 2014, Defendant pled guilty to a two-count information which charged, in Count 1, conspiracy to possess with intent to distribute, and to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. § 846 and, in Count 2, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). ECF No. 12. On September 29, 2014, Defendant was sentenced to a term of imprisonment of 130 months, followed by an 8-year term of supervised release (on Count 1) and a term of imprisonment of 60 months, to run consecutive to Count 1, followed by a term of 5 years supervised release, to run concurrent with Count 1 (on Count 2). ECF No. 18.

The First Step Act, enacted in 2018, amended the availability of an enhanced sentence for the charges to which Defendant pled guilty. Following the Act's enactment, a defendant is eligible for an enhanced drug conspiracy sentence if he has at least one prior conviction for a "serious drug felony." 21 U.S.C. § 841(b)(1)(B)(i); *United States v. Bennett*, No. 22-5142, 2024 WL 966367, at *6 (6th Cir. Mar. 6, 2024). A "serious drug felony" does not encompass mere possession offenses, such as Defendant's 2008 felony possession conviction. *Compare* 21 U.S.C. § 802(57), *with* § 802(44). As a result, Defendant's 2008 felony offense would no longer trigger an enhanced mandatory-minimum sentence for his conspiracy conviction. Thus, were Defendant sentenced after the enactment of the First Step Act, Defendant would not have been exposed to the increased penalties in 21 U.S.C. § 841(b)(1)(B), which, as stated, provided a mandatory minimum sentence of 120 months for Count 1. ECF Nos. 10, 11.

U.S.S.G. § 1B1.13 became effective on November 1, 2023 ("Amended Policy Statement"). Thereunder, district courts may reduce a sentence "[u]pon motion [by] the defendant pursuant to" Section 3582(c)(1)(A). Policy Statement 1B1.13(a) (U.S. Sent'g Comm'n 2023) (amended Nov. 1, 2023). The Amended Policy Statement sets forth a list of "extraordinary and compelling

9

reasons" that—singly or in combination—could warrant the reduction of a defendant's sentence. The reasons relevant to this case include: (1), as discussed, the defendant's family circumstances (U.S.S.G. § 1B1.13(b)(3)); (2) a change in the law if the defendant received an unusually long sentence and has served 10 years of that term of imprisonment (U.S.S.G. § 1B1.13(b)(6)); and (3) rehabilitation, as long as it is not the only reason (U.S.S.G. § 1B1.13(d)). *See* U.S.S.G. § 1B1.13(b)–(d).

> Guideline § 1B1.13(b)(6), entitled "Unusually Long Sentence," provides:
>
> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.C. § 1B1.13(b)(6).

Defendant argues that he has received an unusually long sentence and served at least 10 years of the term of imprisonment (counting "good time credits" under the First Step Act), and the change in law regarding 21 U.S.C. § 841(b)(1)(B)(i) and his prior possession conviction has produced a "gross disparity" between the sentence being served and the sentence likely to imposed today. ECF No. 57. Applying the First Step Act, Defendant's mandatory minimum for his 21 U.S.C. § 841(b)(1)(B)(i) conviction, if sentenced today, would be 5 years, not 10 as when his sentence was originally imposed. 21 U.S.C. § 841(b)(1)(B)(i) ("such person shall be sentenced to a term of imprisonment which may not be less than 5 years […]").

Accepting Defendant's representation that, including good conduct time, he has served at least 10 years of the term of imprisonment that was imposed by this Court on September 29, 2014, *see* ECF No. 57 at 8 (exhibit listing good conduct time), the Court must determine if Defendant's

10

sentence is "unusually long" and if there is a "gross disparity" between the current sentence and the sentence Defendant would likely receive today.

Here, Defendant did not receive an "unusually long" sentence, nor did the change in law Defendant cites produce a "gross disparity" between the relevant range in sentences. Of note, the Guidelines do not expressly define an "unusually long sentence" or "gross disparity" in the context of determining a defendant's entitlement to a sentence reduction, but most courts in this Circuit have interpreted those terms to refer to sentences and disparities which far exceed Defendant's. *See, e.g. United States v. Donato.*, No. 95-CR-223 (JMA)(AYS), 2024 WL 1513646, at *7 (E.D.N.Y. Apr. 8, 2024) ("sentence of 115 years is —without doubt—an unusually long one"); *United States v. Ballard*, 552 F. Supp. 3d 461, 468-69 (S.D.N.Y. 2021) (disparity between original sentence of 50 years and likely sentence of 25 years at time motion brought); *United States v. Byam et al.*, No. 12-cr-586, ECF No. 284 (E.D.N.Y. Oct. 24, 2022) (sentences of 32 years and 17 years); *United States v. Watts*, No. 92-CR-797 (KAM), 2023 WL 35029, at *14 (E.D.N.Y. Jan. 4, 2023) (sentences of 92 years and 37 years); *United States v. Sessoms*, 565 F. Supp. 3d 325, 326 (E.D.N.Y. 2021) (sentences of 35 years and 17 years); *United States v. Campbell*, 647 F. Supp. 3d 76, 87 (E.D.N.Y. 2022) (sentences of 125 years and 35 years); *United States v. Williams*, No. 91-CR-1219-1 (DRH), 2022 WL 1488695, at *7 (E.D.N.Y. May 11, 2022) (sentences of 145 years and 40 years); *United States v. Reid*, No. 05-CR-596(1) (ARR), 2021 WL 837321, at *7 (E.D.N.Y. Mar. 5, 2021) (sentences of 119.5 years and 38 years); *United States v. Redd*, 444 F. Supp. 3d 717, 723-24 (E.D. Va. 2020) (sentences of 45 years and 15 years); *United States v. Williams*, No. 09 CR 558 (CM), 2023 WL 4785286, at *9 (S.D.N.Y. July 27, 2023) (finding 25 year sentence unusually long); *but see United States v. Brooker*, 976 F.3d 228, 238 (2d Cir. 2020) (in dicta, declining to opine on whether "lengthy" 15 year sentence was "unusually long").

Defendant's sentence is long, but it is not "unusually long" as defined by the weight of authority in this Circuit. At sentencing, Defendant received a 130-month sentence in connection with Count 1, a sentence only 10 months above the mandatory minimum at that time. This was not an "unusually long" sentence eligible for relief under the relevant guidelines. Despite the developments which have occurred with respect to 21 U.S.C. § 841(b)(1)(B)(i) since Defendant's sentencing in 2014, Defendant's circumstance does not appear to be what was "envisioned by the [Sentencing] Commission in drafting § 1B1.13(b)(6)." *Donato*, 2024 WL 1513646, at *7. Additionally, a 5-year disparity between the mandatory minimum sentences, while not insignificant, does not constitute a "gross disparity" between Defendant's current sentence and the sentence likely to be imposed today. Accordingly, the Court concludes that Defendant has not presented "extraordinary and compelling" reasons sufficient to warrant relief under U.S.S.C. § 1B1.13(b)(6).

### C. § 3553(a) Factors

Even if "extraordinary and compelling" reasons justified the requested reduction, the Court would likely conclude that such a reduction would not be consistent with the § 3553(a) factors.

Under § 3553(a), a court must consider the following factors when it imposes a sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) [the kinds of sentence and sentencing range provided for in the Sentencing Guidelines]
> (5) any pertinent [Sentencing Commission policy statement]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

*United States v. Sawicz*, No. 08-cr-287 (ARR), 2020 U.S. Dist. LEXIS 64418, at *7 (E.D.N.Y. Apr. 10, 2020) (quoting 18 U.S.C. § 3553(a)).

Because the Court has determined that Defendant has not presented "extraordinary and compelling" reasons warranting the requested reduction, the Court need not address whether a reduction would be consistent with these factors. As the Court stated in its prior order, however, the Court weighed these factors at sentencing. ECF No. 49. And despite Defendant's clarification that he seeks only a two-to-three-year reduction in his sentence, the Court maintains that such a reduction would likely not be consistent with the § 3553(a) factors. With respect to Defendant's history and characteristics, Defendant has three prior felony convictions, and while his participation in rehabilitative programs during his sentence is positive and should continue, *see* ECF Nos. 54 at 2, 57 at 5, it does not warrant a departure from the original sentence. Accordingly, the Court concludes that Defendant does not meet his burden of demonstrating entitlement to the requested reduction.

## CONCLUSION

For the foregoing reasons, Defendant's motions for reconsideration and compassionate release are DENIED.

SO ORDERED.

Dated: April 19, 2024
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York